DLD-416                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1880
_____

*RUSSELL KEITH HILL; ZACHARY JOHNSON

v.

UNITED STATES ATTORNEY GENERAL; ATTORNEY GENERAL STATE OF
MISSISSIPPI; MICHAEL T. PARKER, United States Magistrate Judge; KEITH
STARRETT, United States District Judge, and (all) or (any) Other United States
Magistrate Judges and United States Judges in the United State District Courts of
Mississippi; JAMES L. DENNIS, United States Circuit Judge for the Fifth Circuit Court
of Appeals; E. GRADY JOLLY, JR., United States Circuit Judge for the Fifth Circuit
Court of Appeals; CAROLYN DINEEN KING, United States Circuit Judge for the Fifth
Circuit Court of Appeals; JERRY E. SMITH, United States Circuit Judge for the Fifth
Circuit Court of Appeals; PATRICK E. HIGGINBOTHAM, Senior United States Circuit
Judge for the Fifth Circuit Court of Appeals, and (all) or (any) Other United States
Circuit Judges in/or, and/or for the United State Court of Appeals of the Fifth Circuit;
PHYLLIS J. PYLES, Attorney and Director, Torts Branch United States Department of
Justice; ROYCE C. LAMBERTH, Chief United States District Judge for the U.S. District
Court of Columbia

ZACHARY JOHNSON, Appellant

(*Dismissed per July 9, 2013 Clerk's Order)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-01003)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2013)

_____

OPINION
_____

PER CURIAM

Zachary Johnson, a Mississippi state prisoner, filed a pro se complaint, naming as defendants several federal judges, Justice Department officials, and the Attorney General of Mississippi. As the District Court noted, his allegations appear to arise out of the denial of his habeas petition, the rejection of his tort actions, and the dismissal of claims that he brought pursuant to 42 U.S.C. § 1983. In particular, Johnson alleged that the defendants "deprive[d]" him of his "right to be heard," "exceeded their capacity" in adjudicating his tort claim, and "pervert[ed] the facts in [his] cases, and appl[ied] inapplicable case law precedent to avoid granting relief." Compl., 4-6 (internal punctuation omitted). He asserted that these actions "are violative of the Fifth and Fourteenth Amendments Due Process and Equal Protection Clauses." <u>Id.</u> at 4.

The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), holding that "Johnson may not contest the denial of habeas relief or the dismissal of his § 1983 or tort claim through a separate petition to this Court." The

District Court also held that "because Johnson cannot cure the defects in his complaint by amendment, granting him leave to do so would be futile." Johnson appealed.

Because we granted Johnson leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) to determine whether it should be dismissed as frivolous. An appeal is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review confirms that there is no arguable basis to challenge the District Court's decision. Indeed, Johnson's challenges to the denial of his habeas petition, the rejection of his tort actions, and the dismissal his § 1983 claims should first be brought by appealing to the appropriate federal circuit court. See 28 U.S.C. §§ 1291; 2253(a); cf. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). We also agree with the District Court that there was no need to provide Johnson with leave to amend before dismissing his complaint because it is apparent that amendment would have been futile. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Accordingly, we will dismiss this appeal pursuant to § 1915(e)(2)(B)(i).